# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JUAN D. THORNTON, | ) | CASE NO. 1:11-cv-01145 GSA PC |
| Plaintiff, | ) ) ) | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY |
| v. | ) ) | COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE |
| MATTHEW CATE, et al., | ) ) | COGNIZABLE |
| Defendants. | ) ) | (ECF No. 1) |
| | ) | RESPONSE DUE WITHIN THIRTY DAYS |

**Screening Order**

**I.    Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Plaintiff's Claims**

     **A.     Summary of Complaint**

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Corcoran State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at Kern Valley State Prison (KVSP) in Delano, where the events at issue occurred. Plaintiff names the following individual defendants: Matthew Cate, Secretary of Corrections; K. Harrington, KVSP Warden; Sergeant Jose; Correctional Officer (C/O) Sharp; C/O Grissom; C/O Ortiz; C/O Robles.

Plaintiff alleges that on March 12, 2010, a physician at KVSP issued a Comprehensive Accommodation Chrono, directing that Plaintiff be housed on a lower bunk in a ground floor cell, based upon his seizure disorder. A copy of the chrono was placed in Plaintiff's central file, sent to Plaintiff's housing unit, and provided to Plaintiff's correctional counselor. On March 12, 2010, Plaintiff was housed on Facility B, Building 5, in a cell on the upper tier. Plaintiff showed his chrono to Defendants Jose, Ortiz and Robles. Plaintiff was told that he would get a lower bunk when one was available. Plaintiff alleges that he never received a lower bunk while in Building 5.

On June 19, 2010, Plaintiff was moved to Building 4 to a cell on the upper tier. The Building 4 housing officers were Defendants Sharp and Grissom. Plaintiff alleges that Sharp and Grissom checked Plaintiff's housing criteria during the June 19, 2010, move, and was "thus made aware of

plaintiff's CDCR Form 7410 and his medical needs." (Compl. ¶ 18.)

On August 31, 2010, while laying on his assigned top bunk, Plaintiff had a seizure and fell from the bunk, hitting the concrete floor. Plaintiff injured his back as a result. Plaintiff was assigned a lower bunk on September 3, 2010.

### B.     Eighth Amendment

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (*citing* Helling v. McKinney, 509 U.S. 25, 31 (1993)). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety." Farmer, at 834. The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health ... .'" Id., at 843 (*citing* Helling, 509 U.S. at 35). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence ... [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Id., at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." Id., at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Id., at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

As to Defendants Sharp and Grissom, Plaintiff has stated a claim for relief. Plaintiff has alleged facts, liberally construed, indicating that he was injured while under the custody and control of Defendants Sharp and Grissom. Plaintiff has alleged facts indicating that both Defendants Sharp

3

and Grissom were aware of Plaintiff's chrono, and that chrono directed Plaintiff to be housed on a lower bunk on a lower tier because of his seizure disorder. The facts alleged indicate that Defendants Sharp and Grissom, employed as housing officers, did not assign Plaintiff a lower bunk until after he was injured.

As to Defendants Jose, Ortiz and Robles, Plaintiff has not alleged facts sufficient to state a claim for relief. Although Plaintiff alleges that these defendants knew of the chrono and did not assign Plaintiff to a lower bunk, he also alleges that he was not under the custody and control of these defendants at the time he was injured. In order to hold defendants liable, he must allege facts indicating that they were aware of a serious harm to Plaintiff's safety, and acted with deliberate indifference to that harm, causing Plaintiff injury. On the facts alleged, Defendants Jose, Ortiz and Robles had no authority to assign Plaintiff to a lower bunk after June 19, 2010. They should therefore be dismissed.

### B.   Supervisory Liability

As to Defendants Cate and Harrington, Under section 1983, Plaintiff must prove that the Defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49 (2009). A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Plaintiff has not alleged any facts suggesting the personal involvement of Defendants Cate or Harrington. These defendants should therefore be dismissed.

### III.   Conclusion and Order

Plaintiff's complaint states claims under the Eighth Amendment against Defendants Sharp and Grissom, for deliberate indifference to Plaintiff's safety. However, the complaint does not state any other cognizable claims. The Court will provide Plaintiff with the opportunity to file an

amended complaint curing the deficiencies identified by the Court in this order. <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue an order dismissing the remaining defendants, and will forward to Plaintiff two summonses and two USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

Plaintiff is advised that an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
    a. File an amended complaint curing the deficiencies identified by the Court in this order, or
    b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Sharp and Grissom
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **December 14, 2011**            **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE

5