UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN D. THORNTON,<br><br>     Plaintiff,<br><br>     vs.<br><br>MATTHEW CATES, et al.,<br><br>     Defendants. | 1:11-cv-01145-GSA-PC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STRIKE SURREPLY<br>(Doc. 35.)<br><br>ORDER STRIKING PLAINTIFF'S SURREPLY<br>(Doc. 34.) |

## I.   BACKGROUND

Juan D. Thornton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil action. This case now proceeds on Plaintiff's original Complaint filed on July 12, 2011, against defendants Grissom and Sharp ("Defendants"), for failure to protect Plaintiff in violation of the Eighth Amendment.[1]  (Doc. 1.)

On February 6, 2013, Defendants filed a motion for summary judgment. (Doc. 26.) On March 8, 2013, Plaintiff filed an opposition to the motion. (Docs. 30, 31, 32.) On March 15, 2013, Defendants filed a reply to the opposition. (Doc. 33.) On April 4, 2013, Plaintiff filed a surreply entitled "Plaintiff's Reply in Opposition for Summary Judgment." (Doc. 34.)

On April 11, 2013, Defendants filed a motion to strike Plaintiff's surreply. (Doc. 35.)

---

[1] On January 4, 2012, the court dismissed all other claims and defendants from this action, based on Plaintiff's failure to state a claim. (Doc. 12.)

## II.     SURREPLY

A surreply, or sur-reply, is an additional reply to a motion filed after the motion has already been fully briefed. USLegal.com, http://definitions.uslegal.com/s/sur-reply/ (last visited November 5, 2012). The Local Rules provide for a motion, an opposition, and a reply. Neither the Local Rules nor the Federal Rules provide the right to file a surreply.

Defendants move to strike Plaintiff's surreply on the grounds that the surreply is unauthorized and there is no valid reason for the court to allow it. Defendants cite Hill v. England, which found that a district court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." Hill v. England, 2005 WL 3031136, *1 (E.D.Cal. Nov. 8, 2005). Defendants argue that there is no valid reason for the court to allow Plaintiff's surreply, because Defendants did not raise any new arguments in their reply brief, and Plaintiff did not provide any reason that his arguments could not have been made in his opposition to the motion for summary judgment. Defendants also argue that under Local Rule 183(a), the fact that Plaintiff is a pro se prisoner is not a valid reason for circumvention of the Federal Rules and Local Rules.

Defendants' arguments have merit. Local Rule 183(a) provides that "[a]ny individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law." L. R. 183(a). Thus, Plaintiff is not allowed to circumvent the Court's rules because he is a pro se prisoner. The Court neither requested a surreply nor granted a request on the behalf of Plaintiff to file one. Defendants' motion for summary judgment was deemed submitted to the Court on March 15, 2013. Local Rule 230(*l*). Therefore, for the foregoing reasons, Defendants' motion to strike Plaintiff's surreply shall be granted.

///
///
///
///

III.     CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1.     Defendants' motion to strike Plaintiff's surreply is GRANTED; and

2.     Plaintiff's surreply, filed on April 4, 2013, is STRICKEN from the record.[2]

IT IS SO ORDERED.

Dated:  **June 13, 2013**              /s/ Gary S. Austin
                                       UNITED STATES MAGISTRATE JUDGE

---

[2] "When a document is stricken, it becomes a nullity and is not considered by the court for any purpose."  (Informational Order, Doc. 4 at 2 fn.1.)